Ford, J.
This is an action for declaratoiyj'udgment and injunctive relief. The plaintiff seeks a declaration from this court to the effect that he has acquired an easement by prescription over a portion of the defendants’ property. He also seeks a permanent injunction, ordering the defendants not to interfere with his use of that easement and to remove any and all *385 obstacles or fences which would interfere with such use. The case was tried before me, jury waived, on September 16, 2004.
General Laws, Chapter 187, Section 2, provides: “No person shall acquire by adverse use or enjoyment a right or privilege of way or other easement from, in, upon or over the land of another, unless such use or enjoyment is continued uninterruptedly for twenty years.” Most of the rules of adverse possession applicable to gaining title in fee simple apply to prescriptive easements. Eno &Hovey, Real Estate Law, Massachusetts Practice Series, Vol. 28, §8.10. The concept of adverse possession is simply that title may be acquired by the non-permissive use of real estate that is actual, open, notorious, exclusive, and adverse to the owner, for twenty years. Ryan v. Stavros, 348 Mass. 251, 262 (1964). Based upon the evidence presented at the trial of this case, I rule that the plaintiff has failed to meet his burden of proving that he has acquired an easement by prescription over a portion of the defendants’ property.
The plaintiff owns property located at 1266 South Main Street in Palmer. The defendants own property located at 1276 South Main Street in Palmer. The two parcels are contiguous. The parcels are served by a paved driveway which runs from the street. The entrance to that driveway is located partially on the plaintiffs parcel and partially on the defendants’ parcel. As it extends away from the street, the driveway increases in width. One branch of the driveway curves towards the plaintiffs garage, while the other branch curves towards the defendants’ garage.
The plaintiffs parents acquired title to their property in 1971, and the plaintiff lived in the property with his parents. He acquired an ownership interest in the property from his mother in 1983, and by virtue of several intra-family transfers, he is now the sole owner of the property. The plaintiff has lived in the property continuously since 1971.
The defendants acquired their parcel in March 1997, from Paul Beachell. Mr. Beachell acquired the property from Anne LeDuc in 1987. Mrs. LeDuc acquired the property in approximately 1955, and resided there until she sold it to Mr. Beachell.
On the plaintiffs property is a three-family home. The plaintiff lives in one unit and rents the other two units. His tenants park in an area which is adjacent to the house and which is slightly to the east of the garage. The plaintiff normally parks his vehicle in the garage. Because South Main Street is a heavily traveled route, the plaintiff prefers not to back out into the street when he leaves his property. Accordingly, he ordinarily backs his car into the garage so that he can drive forward down the driveway and into the street.
The plaintiff claims that since 1971, he and his parents have accessed the garage by pulling their vehicles onto the defendants’ portion of the driveway, and then backing into the garage. Thus, he argues that he has obtained an easement by prescription over that portion of the defendants’ driveway which he has used to make that maneuver. I am not persuaded by his testimony or by the testimony of the witnesses who appeared on his behalf. I find the testimony of Susan Smith, Paul Smith, Mrs. LeDuc and Mr. Beachell to be more credible. I find that the plaintiff and his parents would often park their vehicles in the parking area adjacent to their house. I further find that if they wished to access the garage, they would frequently pull the front of their vehicles into the parking area, and then back into the garage. There may have been times when they pulled their vehicles onto the defendants’ portion of the driveway and then backed into the garage. There may also have been times when they backed out of the garage onto the defendants’ portion of the driveway and then proceeded in a forward direction to leave the premises. However, I find that such use of the defendants’ property by the plaintiff and members of his family was only occasional and did not occur on a regular basis. The acts of use by the plaintiff and his family members on the defendants’ portion of the driveway were “few, intermittent, and equivocal.” See Ryan v. Stavros, 348 Mass. at 262.
In addition, I find that whatever use the plaintiff and his parents made of the defendants’ property was permissive, and was neither hostile nor adverse. The defendants’ predecessors in title were friendly with the plaintiffs parents, and they occasionally gave their permission to members of the plaintiffs family to park on their property. I believe that the occasional use of the defendants’ property by the plaintiff and his parents to park their vehicles or to turn around was done with at least the implied permission of the defendants’ predecessors. ,
Unfortunately, the cordial relationship which existed between the plaintiffs parents and the defendants’ predecessors in title does not exist between the plaintiff and the defendants. The plaintiffs son began to invite his teenaged friends to the premises in the spring and summer of 2000. They often played loud, vulgar music and engaged in behavior which greatly annoyed the defendants. The friends of the plaintiffs son began trespassing on the defendants’ property with their vehicles, and when they left the premises, they would squeal their tires in a way that affected the defendants’ enjoyment of their property. When Mrs. Smith complained to the plaintiff about his son’s actions, the plaintiff stated that he would tell the boys to park in the street. However, they did not do so and apparently became offended by the defendants’ request. They directed obscene words and gestures at Mrs. Smith and her parents, and the situation became so bad that Mrs. Smith’s elderly mother was afraid to go into her yard by herself. When Mrs. Smith complained to the plaintiff, she received *386 no satisfaction. Indeed, the plaintiff insulted her and engaged in inappropriate behavior which led to his being prosecuted by the Hampden County District Attorney and placed on probation for a period of one year.
In order to protect their property and to obtain peace of mind, the defendants erected a fence on their side of the boundary line in August 2000. The fence begins at a point approximately 50’ from the street and is 14" from the properly line. The fence does not affect the plaintiffs ability to enter the driveway from the street, but it prevents him from driving his vehicle onto the defendant’s driveway in order to back into his garage. I conclude that the defendants had eveiy right to construct the fence because the plaintiff has acquired no prescriptive easement over any portion of their land. Moreover, I conclude that the plaintiff is still able to back into his garage by simply pulling into the parking area which is next to his house, and effecting his maneuver from there.
For the foregoing reasons, JUDGMENT shall enter for the defendants. The court hereby declares that the plaintiff has not acquired an easement by prescription over any portion of the defendants’ property.